UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SISTER KATE REID and MEGAN )
HEENEY as Next Friends of A.A.Z.A., et )
al., )
 )
    Plaintiffs, )
 ) Case No. 4:07-CV-01874-DJS *COP*
v. )
 ) JURY TRIAL DEMANDED
DOE RUN RESOURCES CORPORATION, )
et al., )
 )
    Defendants. )

FILED
DEC - 4 2007
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## TEMPORARY RESTRAINING ORDER

Having reviewed Plaintiffs' *Ex Parte* Emergency Application for Temporary Restraining Order Enjoining Defendants From Making Improper *Ex Parte* Contacts with Plaintiffs, including the evidentiary and legal support submitted therewith, this Court grants Plaintiffs' Motion without prior written or oral notice to Defendants or their counsel and makes the following findings and orders:

This Court finds that there is reasonable grounds for finding that Defendant Doe Run or agents acting on their behalf, have initiated efforts to privately confront Plaintiffs, *without the knowledge of Plaintiffs' counsel*, with various propositions on the condition that Plaintiffs agree to dismiss their claims in this lawsuit and discontinue their relationship with counsel in the pending litigation.

The Court further finds that there is reasonable grounds for finding that in certain cases, Doe Run has also offered a monetary payment to Plaintiffs, but again on the condition that Plaintiffs not pursue their legal remedies in this case.

The Court further finds that absent the issuance of this Temporary Restraining Order, Plaintiffs are likely to suffer or continue to suffer irreparable harm, which consists of, but may not be limited to, being subjected to contacts or communications by Doe Run and/or its agents which will or may (a) prevent Plaintiffs from exercising their legal rights and remedies in the pending litigation; and/or (b) threaten the employment status of those family members of the Plaintiffs named in the pending litigation who are employed by Doe Run Peru; and/or (c) adversely effect the ability of those family members of the Plaintiffs named in the pending litigation who are employed by Doe Run Peru, to provide for their families.

The Court further finds that Plaintiffs have satisfied the remaining elements necessary for the issuance of a Temporary Restraining Order, that the likelihood of harm to Plaintiffs outweigh any potential harm to Defendants and that the issuance of a restraining order is in the public interest.

The Court further finds that the issuance of a Temporary Restraining Order, without prior written or oral notice to Defendants or their counsel is warranted in this case in order to protect the interests of Plaintiffs who have been approached by Defendants and/or their agents and those who might otherwise in the future be approached by Defendants and/or their agents to dismiss their pending claims, from potential future harassment, undue influence, and/or intimidation. The Court further finds that the issuance of the instant Order without notice to Defendants or their counsel is warranted because the issuance of such an Order restraining such improper communications will not have a prejudicial effect on Defendants, whether or not such activities have occurred.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT

Defendants, including their representatives, agents, employees, and others who may be acting in concert and/or in participation with them shall be immediately restrained and prohibited from the following activities:

(1) from contacting or communicating with Plaintiffs or their families in any manner whatsoever which relates to requesting or suggesting to Plaintiffs either directly or indirectly that they execute documents releasing Plaintiffs' claims in this lawsuit against Defendants;

(2) from contacting or communicating with Plaintiffs or their families in any manner whatsoever which relates to requesting or suggesting to Plaintiffs either directly or indirectly that they release or not pursue their claims in this lawsuit against Defendants;

(3) from directly or indirectly threatening, representing, suggesting, or otherwise communicating in any manner whatsoever to those Plaintiffs' family members who are employees of Doe Run Peru that such person's employment with the company will cease or be adversely effected in any way due to the failure to agree to dismiss pending claims in this case on behalf of their children; and

(4) from contacting or communicating with Plaintiffs regarding the subject matter of this lawsuit without consent of Plaintiffs' counsel.

This Order was issued on 12\4\07 at 2:15 a.m./p.m. and shall expire within ten (10) days, on December 14, 2007 or until such further time that the Court deems appropriate upon a finding a good cause.

3

IT IS FURTHER ORDERED THAT

The Court sets this matter for expedited hearing on Plaintiffs' Motion for Preliminary/Permanent Injunction on December 14, 2007 at 9.a.m.

SO ORDERED:

_Catherine D. Perry_
United States District Court Judge

DATE: 12\4\07 2:15 pm.

IT IS FURTHER ORDERED that the court will hold a telephone conference with counsel for both parties on December 5, 2007 at 11:30 a.m. Plaintiffs' counsel is responsible for placing the call and having all necessary counsel on the line.
CDP 12/4/07

4